**THE LAW OFFICES OF**
**Young Wooldridge, LLP**
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Westchester Corporate Plaza
1800 30th Street, Fourth Floor   Bakersfield, CA 93301-5298
Telephone 661-327-9661   Facsimile 661-327-1087
http://www.youngwooldridge.com

**D. Max Gardner, Esq. (CSB No. 132489)**
Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

Arthur B Fontaine,
                    Debtor

Case No.  2014-14241

Chapter 11

DC No.: DMG- 6

### MOTION FOR ORDER:

**1.   AUTHORIZING USE OF PROPERTY [11 U.S.C. Section 363]**
**2.   AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS [11 U.S.C. Section 365]**

Date: November 18, 2014
Time: 1:30 p.m.
Place: 2500 Tulare Street, 5th Floor, Courtroom 11
       Fresno, CA
Judge: Hon. Fredrick Clement

TO THE HONORABLE FREDRICK CLEMENT, UNITED STATES BANKRUPTCY JUDGE:

1.   This Motion for Order: 1. Authorizing Use of Property [11 U.S.C. Section 363] and 2. Authorizing Assumption of Executory Contracts [11 U.S.C. Section 365] (hereinafter the "Motion") seeks Court authority to complete the necessary tasks in order for the Debtor's interest in real property to be sold toward preliminary steps necessary to confirm a potential plan of reorganization.  The real property is a nearly-completed residence located at 37 Southpoint

Place, Glenbrook, Nevada (the "subject property"). The subject property is located in Douglas County, Nevada.

2. The Debtor is a party to contract styled as a "Standard Agreement and General Conditions Between Owner and Contractor" (the "construction contract") with Dianda Construction LLC. A true and correct copy of the construction contract is attached as Exhibit "A" to the Declaration of Arthur Fontaine in Support of the Motion. The Debtor is also a party to a water cost share agreement with Douglas County, Nevada styled "Agreement for Pump Station Construction" (the "water share agreement"). A true and correct copy of the water share agreement is attached as Exhibit "B" to the Declaration of Arthur Fontaine in Support of the Motion.

3. As set forth in the Declaration of Joel Anderson in support of the Motion, the construction project is nearly complete. In terms of actions to be taken toward the subject property, only a few punch list items remain to be completed. In terms of getting Douglas County to sign-off on the project thereby allowing for occupancy, (which will maximize the ability to market and sell the subject property), the computer system utilized between the pump house and the subject property has to be turned on, after inspections.

4. Retention monies held by Mutual of Omaha Bank, the lender on the subject property, in the sum of $10,412.00 would then be turned over to Dianda Construction, LLC together with the sum of approximately $62,000 held pursuant to the cost share agreement with Douglas County, Nevada. See Debtor's Amended Schedule B, No. 21, filed October 2, 2014.

5. Debtor asserts that the payment of the retention money and money held pursuant to the cost share agreement constitutes a use of property potentially not in the ordinary course of

/ / / /

business under 11 U.S.C. Section 363. Additionally, assumption of the two executory contracts should be authorized in order for completion of the subject property in preparation for sale.[1]

6. Assumption of the executory contracts identified herein is in the best interest of the estate and represents the good business judgment of the Debtor for the following reasons:

    a. Sale of the subject property is in the best interest of the estate in order to satisfy the claims of creditors. The transfer of the property to a qualified buyer requires occupancy approval from Douglas County Nevada and the Debtor's proposed course of conduct herein will accomplish that objective.

    b. The monies earmarked for completion of the subject property are identified and do not constitute a diminution in value to the bankruptcy estate if paid in the manner proposed herein.

    c. Rejection of the executory contracts would create uncertainty as to the future administration of the Chapter 11 estate.

7. To the best of Debtor's knowledge, Debtor is in compliance with all such terms and conditions of the two executory contracts and no default exists in terms of his requirements to perform.

8. 11 U.S.C. Section 363 (b)(2) authorizes the debtor, after notice and a hearing, to use property of the estate other than in the ordinary course of business.

9. 11 U.S.C. Section 365 (d)(2) authorizes the debtor to assume an executory contract at any time before confirmation of a plan.

/ / / /

---

[1] A Motion to Employ Real Estate Broker (DMG-4) has been filed and is pending at the time this motion is submitted.

WHEREFORE, DEBTOR PRAYS AS FOLLOWS:

1. that this Motion for Order: 1. Authorizing Use of Property [11 U.S.C. Section 363 and 2. Authorizing Assumption of Executory Contracts [11 U.S.C. Section 365]; be granted;

2. that the Debtor be authorized to complete construction of the subject property herein consistent with the provisions of 11 U.S.C. Section 363 as a use of property of the estate;

3. that the Court authorize the assumption of the executory contracts identified herein as Standard Agreement and General Conditions Between Owner and Contractor and the Agreement for Pump Station Construction consistent with the provisions of 11 U.S.C. Section 365; and

4. for such other and further relief appropriate under the circumstances of this case.

                              Respectfully submitted,

Dated: October 29, 2014      LAW OFFICES OF YOUNG WOOLDRIDGE, LLP

By _____
D. Max Gardner
Attorney for Debtor

---

MOTION FOR ORDER AUTHORIZING USE OF PROPERTY/ ASSUMPTION OF CONTRACTS  4